IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James Antonio Sims, | ) | C/A NO. 4:12-643-CMC-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Alvin S. Glenn Detention Center; | ) | |
| Corp Staff Member; Kitchen Supervisor, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983. Plaintiff is a pre-trial detainee at the Alvin S. Glenn Detention Center in Columbia, South Carolina. In the above-captioned case, Plaintiff has brought suit against the Alvin S. Glenn Detention Center, a "Corp Staff" Member, and the Kitchen Supervisor at the Alvin S. Glenn Detention Center.

Matters in which prisoners proceed *pro se* are generally referred to a United States Magistrate Judge of this Court for initial review and other pretrial proceedings pursuant to Local Rule 73.02(B)(2)(d). However, this court retains the authority to withdraw the reference and proceed to consider this matter without a Report and Recommendation from a Magistrate Judge. Therefore, this court hereby withdraws the reference to the Magistrate Judge and proceeds to review the merits of this matter without the benefit of a Report and Recommendation. For the reasons set forth below, this matter should be dismissed without prejudice and without issuance and service of process.

1

Plaintiff has moved to proceed *in forma pauperis* (*ifp*) in this court.¹ ECF No. 2. This motion is **granted.**

Under established local procedure and in light of certain legal precedents, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. *See also Denton v. Hernandez*, 504 U.S. 25 (1992); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*). Morever, because Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).

Upon initial review, Plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even with this assumption, Plaintiff must plead factual content that allows the court to draw the reasonable inference that the named defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Even when considered under this less stringent standard, however, Plaintiff's complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dept. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

---

¹By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of three hundred fifty dollars ($350). *See* 28 U.S.C. § 1914. This debt is not dischargeable in the event that Plaintiff seeks relief under the bankruptcy provisions of the United States Code. *See* 11 U.S.C. § 523(a)(17). A prisoner is permitted to file a civil action without prepayment of fees or security therefor under 28 U.S.C. § 1915.

The "Alvin S. Glenn Detention Center" (ASGDC) is not a "person" subject to suit under 42 U.S.C. § 1983. Rather, the ASGDC is a group of buildings or a facility. Inanimate objects, such as buildings, facilities, and grounds, do not act under color of state law. Therefore, the ASGDC is not a "person" subject to suit under 42 U.S.C. § 1983. *See Roach v. West Virginia Reg'l Jail and Corr. Facility*, 74 F.3d 46, 48 (4th Cir. 1996). *See also Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Therefore, the Alvin S. Detention Center is dismissed from this action without prejudice.

Plaintiff's complaint contains claims which are facially cognizable under 42 U.S.C. § 1983. *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) ("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee."); *Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985). Nonetheless, the relief requested by Plaintiff in Part V of the complaint cannot be granted by this federal district court. In his prayer for relief, Plaintiff writes:

> Come down here and see how we as inmates being treated and How we are being Fed Food Meals[.] I would like to see a marshal ASAP so he or she can see how we as inmates are being treated and been Fed Food meals and if someone come see me don't let these people know about this matter at hand[.]

Compl. at 5 (irregular capitalization and punctuation in original).

A private citizen such as Plaintiff cannot obtain a criminal investigation by the United States Marshal or criminal charges against defendants. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases). *See also Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981).

For the above reasons, this complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

                                                           s/ Cameron McGowan Currie
                                                           CAMERON MCGOWAN CURRIE
                                                           UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 11, 2012